## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | |
|---|---|
| **LYNN BRYANT**<br>5748 Hopkins Neck Road<br>Easton, Maryland 21601<br><br>     **Plaintiff**<br>**v.**<br><br>**ZAZZLE INC.**<br>1900 Seaport Boulevard, 4th Floor<br>Redwood City, California 94063<br><br>**Serve On:**   Bridget Smith<br>               Resident Agent<br>               1900 Seaport Boulevard, 4th Floor<br>               Redwood City, California 94063<br><br>     **Defendant** | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*        **CASE NO.: 1:11-cv-3630** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR TRADEMARK AND COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, Lynn Bryant, by and through her attorneys, sues the Defendant, Zazzle Inc., for copyright infringement, trademark infringement and unfair competition and pleads and alleges as follows:

### I. THE PARTIES

1. Plaintiff resides in Easton, Maryland at 5748 Hopkins Neck Road, and is the owner and designer of Star Heart Designs, a clothing line from which proceeds help fund a non-profit organization benefitting elementary school children.

2. Defendant is a California corporation with a principal place of business located at 1900 Seaport Boulevard, Redwood City, California. Defendant is in the business of designing, manufacturing, marketing and selling various consumer products,

including apparel, which it offers for sale online, including to, among others, residents of Maryland.

## II. JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) in that this case arises under the trademark laws of the United States (15 U.S.C. §§ 1051 *et seq.*) and the copyright laws of the United States (17 U.S.C. §§ 101, *et seq.*).  This Court may also exercise its supplemental jurisdiction over the state law claim asserted in this action pursuant to 28 U.S.C. § 1367(a).

4.  Personal jurisdiction in this judicial district over the Defendants is proper pursuant to Maryland's Courts & Judicial Proceedings Article § 6-103 and the Due Process Clause of the Fifth Amendment and Fourteenth Amendment in that Defendant regularly solicits and conducts business with Maryland residents and purposefully markets and directs its infringing products to residents of Maryland.

5.  Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 in that Defendant regularly solicits and conducts business with residents of this District and purposefully markets and directs its infringing products to residents of this District.  Defendant's infringing products are likely to cause confusion among residents of this District.

## III. FACTUAL BACKGROUND

### A. Plaintiff's Business

6.  Plaintiff is the owner and designer of the Star Heart Designs clothing line, which was created to help fund the Nancy Ferro Learning for Life Foundation.

7. Plaintiff conducts her business and markets her clothing line under the trademark STAR HEART, which consists of a federally registered design mark composed of a rectangle containing a star adjacent to a heart, each of contrasting colors and each set against a contrasting background, accompanied by the text "Star Heart Designs." Attached hereto as **Exhibit A** is a photocopy of a clothing tag showing the mark in use.

8. The STAR HEART mark has been in continuous use since June, 2005, and Plaintiff registered the design mark with the Principal Register of the United States Patent and Trademark Office ("PTO"), which mark bears Certificate of Registration No. 3583426. The STAR HEART mark is distinctive and protectable under federal and state law.

9. Plaintiff's clothing line consists of t-shirts, hats and other articles, and her line of apparel, as well as the charitable foundation it benefits, has been featured in Country Weekly Magazine. Plaintiff's STAR HEART mark has acquired secondary meaning having become a widely recognizable marker for her apparel.

10. Plaintiff's clothing line incorporates designs configured of stars and hearts, including designs overlaying upon, or placing within a heart a five-pointed star, such as the design shown in **Exhibit B**. Plaintiff's clothing line also incorporates her design mark shown in Exhibit A.

11. Plaintiff is responsible for the creation, development, and production of each design utilized in the clothing articles that comprise her fashion line, which designs and clothing articles have significant value and have been produced and created at considerable expense.

3

12. At all relevant times hereto, Plaintiff has and continues to be the owner of the pertinent copyrights for each design reflected in her apparel. Plaintiff's Star Heart designs, as reflected in Exhibits A and B, were duly filed for registration, along with the requisite fees and deposit copies, with the United States Copyright Office on December 14, 2011.

### B. Defendant's Business and Infringing Activities

13. Defendant designs, manufactures, markets and sells a variety of products, including clothing articles, which are available for purchase from its website, www.zazzle.com.

14. On its website, Defendant touts that it is the "world's leading platform for quality custom products."

15. The products available for purchase from Defendant are advertised on its website by way of picturing an image of the product along with a caption featuring the product's name and sale price.

16. In addition to offering and selling existing products as advertised, Defendant allows visitors to submit designs for customized products, which Defendant then offers to manufacture and sell.

17. In or about November, 2011, Plaintiff learned that Defendant was advertising products for sale on its website using Plaintiff's STAR HEART trademark and Plaintiff's copyrighted designs without her permission.

18. For instance, **Exhibit C** is a printout from Defendant's website advertising a "Star Heart T-shirt" for sale for $24.95 and using a design substantially similar to

Plaintiff's designs used in her apparel, including t-shirts, such as the design reflected in Exhibit B.

19. As further example, **Exhibit D** is a printout from Defendant's website advertising a high top sneaker for sale for $75.00 containing a design identical to Plaintiff's copyrighted design and design mark.

20. Defendant unfairly uses Plaintiff's STAR HEART trademark to advertise its products, such as the t-shirt in Exhibit C, without Plaintiff's permission and in a manner that is likely to cause confusion to customers who associate the STAR HEART trademark with apparel sold by Plaintiff.

21. Defendant also reproduces and distributes numerous designs that infringe Plaintiff's copyrighted designs, such as those set forth in Exhibits C and D, without Plaintiff's permission.

22. Upon learning about Defendant's infringing conduct, Plaintiff wrote to Defendant advising it of the infringement, referencing her trademark registration number and requesting that Defendant cease and desist.

23. Defendant has not responded to Plaintiff's correspondence and Defendant continues to infringe upon Plaintiff's trademark and designs.

## COUNT I
## TRADEMARK INFRINGEMENT

24. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. The aforesaid acts of Defendant constitute infringement of Plaintiff's trademark, STAR HEART, in violation of 15 U.S.C. § 1125(a).

26. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception. There is no valid or legitimate reason for Defendant to use Plaintiff's mark.

27. Defendant's infringing acts, if allowed to continue, will cause serious damage to Plaintiff's business, goodwill and profit, and will likely cause confusion among her customers, including those who view the products containing Plaintiff's STAR HEART trademark purchased from Defendant and who do not know that the products were not sold or produced by Plaintiff.

28. The aforesaid acts of Defendant have and are likely to continue to cause confusion, mistake or deception among purchasers of apparel produced and sold by Defendants, and by those persons who are not buyers but who view the apparel, who will likely be confused into believing that Defendant's apparel originates from, or is in some way affiliated with, endorsed or sponsored by, Plaintiff.

29. The aforesaid acts of Defendant constitute use in commerce of a reproduction and copy of the STAR HEART mark and Defendant's uses are false designations of origin and false descriptions and representations as to the source and inherent quality of those products.

30. Upon information and belief, Defendant's aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

31. By reason of the acts of Defendants alleged herein, Plaintiff has suffered and will continue to suffer irreparable damage and, unless Defendant is restrained from continuing these wrongful acts, the damage to Plaintiff will increase.

32. Plaintiff has no adequate remedy at law, the balance of hardships favor Plaintiff and preventing use by Defendant of the STAR HEART trademark is in the public interest.

## COUNT II
## COPYRIGHT INFRINGEMENT

33. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

34. At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent valid and exclusive copyrights for each of the apparel designs she creates and publishes.

35. Defendant violated Plaintiff's exclusive rights to reproduce and distribute her designs by copying and reproducing her designs in apparel that Defendant markets on its website to prospective customers.

36. Defendant's acts constitute infringement of Plaintiff's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. §§ 101, *et seq.*).

37. Defendant's acts of infringement are intentional, willful, malicious, and in disregard of and with indifference to the rights of Plaintiff.

38. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

39. The conduct of Defendant causes and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in compensatory damages.

40. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering

that Defendant destroy all copies of Plaintiff's designs made in violation of Plaintiff's copyrights as she has no adequate remedy at law, the balance of hardships favor Plaintiff and the public interest would thereby be served.

## COUNT III
## UNFAIR COMPETITION

41. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

42. Upon information and belief, Defendant's imitation and infringement of Plaintiff's trademark are intentional and are calculated to deceive Plaintiff's customers, and others, and has misled, and will mislead to the diminution of said business and profits and goodwill of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against the Defendant as follows:

### A.   Trademark and Unfair Competition

1. That this Court, pursuant to the powers granted it under 15 U.S.C. § 1116, grant permanent injunctive relief enjoining and restraining Defendant and its officers, agents, servants, employees and related companies, and all persons acting for it, from directly or indirectly using the STAR HEART trademark, including any variations thereof, or any other trademark, trade dress, logo or design similar to Plaintiff's STAR HEART trademark that is likely to cause confusion, mistake or deception with the STAR HEART trademark.

2. That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all goods, labels, signs, prints, plaques, packages, advertisements and any other materials, in the actual or constructive possession of Defendant and/or any of its agents,

officers, servants and employees, bearing the trademark STAR HEART, and all plates, molds, matrices and other means of making the same, be delivered to Plaintiff and/or destroyed.

3. That Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after the entry of Judgment, a report in writing under oath setting forth in detail the manner and form in which it has complied with the requirements of the Injunction and Order.

4. That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award to Plaintiff and against Defendant the profits earned by Defendant, Plaintiff's damages, and the costs of this action and attorneys' fees.

5. That the Court order an accounting of all profits that Defendant derived from their infringing activities and unfair competition.

6. That the Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award Plaintiff's attorneys' fees.

7. That the Court award all other such and further relief as the Court deems just and proper.

### B. Copyright

8. That this Court, pursuant to the powers granted it under 17 U.S.C. § 502, grant permanent injunctive relief enjoining and restraining Defendant and its officers, agents, servants, employees and related companies, and all persons acting for them, from directly or indirectly infringing Plaintiff's rights in its copyrighted designs, whether now in existence or later created, that is owned or controlled by Plaintiff by reproducing, copying or creating derivative works from any copyrighted work owned by Plaintiff.

9. That this Court, pursuant to the powers granted it under 17 U.S.C. § 503, order that all copies of Plaintiff's designs that Defendant has reproduced or transferred onto any physical medium without Plaintiff's authorization that are in its possession, custody or control be delivered to Plaintiff and/or destroyed.

10. That Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after the entry of judgment, a report in writing under oath setting forth in detail the manner and form in which it has complied with the requirements of the Injunction and Order.

11. That this Court, pursuant to the powers granted it under 17 U.S.C. § 504, award to Plaintiff against Defendant the profits earned by Defendant and Plaintiff's actual damages.

Respectfully Submitted,

December 16, 2011

*/s/ James B. Astrachan*
James B. Astrachan, Bar No. 03566

*/s/ Christopher J. Lyon*
Christopher J. Lyon, Bar No. 27443
ASTRACHAN GUNST THOMAS RUBIN, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
Telephone: 410.783.3550
Facsimile: 410.783.3530
jastrachan@agtlawyers.com
clyon@agtlawyers.com
*Attorneys for Plaintiff*